# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>BENJAMIN BARNHART,<br><br>　　　　　　　Defendant. | CASE NO. 09cv269 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

## **Background**

　　On February 12, 2009, Plaintiff Grace L. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing the Complaint (Doc. # 1). On February 12, 2009, Plaintiff also filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP") and the Motion to Appoint Counsel.

## **Analysis**

**I.　Motion to Proceed In Forma Pauperis**

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.

1 § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

2     In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not employed, receives no income, has a checking account with a present balance of $300.00, owns a 2002 Honda Civic for which she owes $377.00, and does not have any other significant assets such as real estate, stocks, bonds or securities. The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. section 1915(a).

## II.    Initial Screening Pursuant to 28 U.S.C. Section 1915(e)(2)(b)

    After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B). A review of the Complaint shows that the Complaint fails to state a cognizable claim. The Court further finds that the Complaint is frivolous.

    The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Complaint does not allege any legal basis under which Plaintiff is entitled to relief. To the extent Plaintiff is alleging a 42 U.S.C. section 1983 civil rights action, she fails to allege a state actor violated her federal constitutional rights, as required to state a claim under section 1983. *See* 42 U.S.C. § 1983. The allegations in the Complaint are insufficient to put Defendant on notice of the claims against him, as required by Rule 8 of the Federal Rules of Civil Procedure. After reviewing the Complaint, the Court finds that Plaintiff fails to state a claim on which relief can be granted.

    A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70

1  F.3d 1103, 1106 (9th Cir. 1995); *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991). When determining whether a complaint is frivolous, the court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (quoting *Neitzke*, 490 U.S. at 327-28). In this case, Plaintiff makes delusional claims against various individuals and entities. For example, Plaintiff alleges that "Benjamin Barnhart is invaded by the blue hard hat masacres [sic] in his home in San Marcos, CA." *Complaint,* p. 4. Plaintiff alleges: "The drug addicts spray our brand new clothes to cause our brand new clothes to fade and damages. The drug addicts force a harmful substance in our liquid detergent and powder detergent to cause our clothes to fade and damage. The drug addicts have caused damages to everything that my two daughters and I have purchased and paid for in San Diego County, California." *Id.,* at 15. The Court finds that there is no logical construction of the Complaint from which to derive a viable claim against the named Defendant. Plaintiff's allegations are fanciful and delusional and "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Accordingly, the Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**III.   Appointment of Counsel**

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment out counsel is denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed In Formal Pauperis (Doc. # 2) is **GRANTED**. The Court **DISMISSES** the case without prejudice, and **DENIES** the Motion to Appoint Counsel (Doc. # 3) as moot.

DATED: March 18, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge